IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CORRIE MAURICE SCOTT, #209 997, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-47-WKW |
| | ) | |
| OFFICER MOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He files this *pro se* 42 U.S.C. § 1983 complaint alleging he was subjected to an unconstitutional use of force. *See* Doc. 1. Commissioner Jefferson Dunn is one of the named defendants. Upon review, the court concludes that dismissal of this action against Dunn is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff names Commissioner Dunn as a defendant. A careful review of the complaint reveals that Plaintiff makes no specific allegations against this individual. To the extent Plaintiff names Dunn as a defendant based on his supervisory position, supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436

---

[1] On November 30, 2016, the court directed Plaintiff to submit an initial partial filing fee to the court. Doc. 3. Except to the extent payment was required by that order, the court granted Plaintiff leave to proceed in this action *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

U.S. 658, 691–95 (1978) (holding doctrine of *respondeat superior* inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or there is a causal connection between [his] actions . . . and the alleged constitutional deprivation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("[A] prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). Moreover, as explained, other than naming Commissioner Dunn in the caption of his complaint, Plaintiff makes no allegations against him nor does he indicate he was personally involved in the constitutional violations about which Plaintiff complains. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed *pro se* complaint that was silent as to a defendant except for his name appearing in the caption). The court finds that Plaintiff's complaint against Defendant Dunn is subject to dismissal on this basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 complaint against Defendant Dunn be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. This case be referred to the undersigned for further proceedings.

It is further ORDERED that **on or before March 30, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate

Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 16th day of March, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE